WILLIAM R. TAMAYO - #084965 (CA)
JONATHAN T. PECK - #12303 (VA)
LINDA S. ORDONIO-DIXON - #178340 (CA)
SANYA HILL MAXION -18739 (WA)
EQUAL EMPLOYMENT OPPORTUNITY COMMISSION
San Francisco District Office
350 The Embarcadero, Suite 500
San Francisco, CA 94105-1260
Telephone No. (415) 625-5654
Facsimile No. (415) 625-5657

Attorneys for Plaintiff EEOC

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

*E-FILED - 11/21/05*

| | |
|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION,<br><br>Plaintiff,<br><br>MASUMEH ZANGANEH, Individual,<br><br>Intervener,<br><br>v.<br><br>ROWTOWN, INC. D/B/A THE FISH HOPPER RESTAURANT,<br><br>Defendant. | CIVIL ACTION NO.<br>C-03-01522- RMW (HRL)<br><br>CONSENT DECREE |

## I. INTRODUCTION

On April 10, 2003, Plaintiff Equal Employment Opportunity Commission ("EEOC" or "Commission") filed this action pursuant to Title VII of the Civil Rights Act of 1964 ("Title VII"), and Title I of the Civil Rights Act of 1991. The EEOC alleged that Defendant Rowtown Inc. d/b/a The Fish Hopper Restaurant ("Defendant") discriminated against Charging Party Masumeh Zanganeh and other similarly situated female employees. Specifically, the EEOC alleged that the women were subjected to a sexually hostile work environment and that Ms. Zanganeh was retaliated against for

her complaints about the harassment. The EEOC further alleges that Ms. Zanganeh was constructively discharged due to retaliation and Defendant's failure to take corrective action in response to her complaint.

The Fish Hopper denies the EEOC's and Ms. Zanganeh's allegations. The Fish Hopper became aware of virtually all of Ms. Zanganeh's complaints of sexual harassment after she voluntarily resigned and filed a Charge of Discrimination with the EEOC. During her tenure, The Fish Hopper was aware of only one of her complaints of sexual harassment, perpetrated by a coworker, and The Fish Hopper terminated the employment of that coworker. The Fish Hopper denies that Ms. Zanganeh ever complained to any member of management about any of the other allegations of sexual harassment made in this action. Regarding the complaints of the similarly situated females, The Fish Hopper was aware of only one complaint by one claimant and took appropriate corrective action immediately after becoming aware of the complaint. The Fish Hopper denies that any of the remaining claimants reported the alleged sexual harassment or that it had reason to know of the alleged harassment and claims that it is therefore not liable for the alleged harassment.

## II. NON-ADMISSION OF LIABILITY

This consent decree is not an adjudication or finding on the merits of this case and shall not be construed as an admission of a violation of Title VII by Defendant.

The Court has reviewed the terms of this Consent Decree in light of the pleadings, the record herein, and the applicable law, and now approves the Consent Decree in its entirety.

Therefore, IT IS HEREBY ORDERED, ADJUDGED AND DECREED as follows:

## III. GENERAL PROVISIONS

1. This Court has jurisdiction over the subject matter and the parties to this action.

2. This Consent Decree constitutes a full resolution of the EEOC's complaint and the Intervener's Amended Complaint in Intervention in Civil Action C-03-01522- RMW (HRL).

3. This Consent Decree shall become effective upon its entry by the Court.

4. This Consent Decree is final and binding upon the Parties, their successors and assigns.

5. The EEOC and Defendant shall bear their own costs and attorney fees.

## IV. GENERAL INJUNCTIVE RELIEF

1. Sexual Harassment

Defendant, its officers, agents, management (including all supervisory employees, successors and assigns, and all those in active concert or participation with them, or any of them, hereby agree not to: (a) engage in or be a party to any action, policy or practice that is intended to or is known to them to have the effect of sexually harassing or intimidating any employee on the basis of sex ; or (c) create, facilitate or permit the existence of discrimination on the basis of sex.

2. Retaliation

Defendant, its officers, agents, management (including supervisory employees), successors or assigns, and all those in active concert or participation with them, agree not to engage in, implement or permit any action, policy or practice with the purpose of retaliating against any current or former employee of Defendant because he or she complained about sexual harassment, filed a charge of discrimination alleging any such practice; testified or participated in any manner in any investigation (including, without limitation, any internal investigation undertaken by Defendant), proceeding or hearing in connection with this case, and/or relating to any claim of sexual harassment or retaliation, or; was identified as a possible witness in this action.

## V. SPECIFIC INJUNCTIVE RELIEF

_____In order to effectuate the objectives embodied in this Consent Decree, within thirty (30) days after the entry of this Consent Decree, Defendant shall insure that its policies, procedure and practices include the following:

1. Policies

(i) the policy will include an employee's right to complaint regarding sexual harassment and retaliation;

(ii) the policy will provide specific contact information, with an "800" phone number, for

complaints of discrimination or harassment as Defendant has done in the past;

(iii) the policy will provide a prompt investigation after a complaint is made, and for responding to the request or complaint;

(iv) the policy will require that promptly upon the conclusion of its investigation of a complaint, Defendant will communicate to the employee the company's decision on the results of the investigation and the remedial actions taken or proposed if any.

(v) the policy will include a definition of retaliation and strong non-retaliation language with examples.

**2. Policy Dissemination:**

(i) beginning within 60 days of the entry of this decree, the policy, as discussed above, will be hand-delivered to each and every employee of Defendant; and

(ii) the policy will be posted on all company bulletin boards for the duration of the decree.

**3. Supervisor Accountability Policy:**

(i) Defendant agrees that it shall impose substantial discipline – up to and including termination, suspension without pay or demotion – upon any supervisor or other manager, who engages in sexual harassment or retaliation or, who permit any such conduct to occur in his or her work area or among employees under his or her supervision.

(ii) Supervisors and managers also shall be accountable for forwarding complaints of sexual harassment and/or retaliation to the individuals charged with handling such complaints pursuant to Defendant's existing policy.

(iii) Defendant agrees that it will advise all current and new managers and supervisors of their duties under these policies;

(iv) Defendant agrees that it will revise its supervisor review process, as necessary, to ensure that appropriate communication of anti-discrimination policies and appropriate handling of sexual harassment complaints are included as an element of the reviews.

**4.     Complaint and Investigation Procedure**

Defendant shall insure its complaint procedure designed to encourage employees to come forward with complaints of sexual harassment and/or retaliation.

As part of the policy, Defendant shall provide its employees with convenient, confidential and reliable mechanisms for reporting incidents of sexual harassment and retaliation. Defendant shall designate each manager and supervisor as a contact person with responsibility for responding to and/or turning complaints over to Human Resources or to a third party responsible for investigating such complaints..

The complaint procedure shall provide that: (a) complaints of discrimination or harassment and/or retaliation will be accepted by Defendant both in writing and orally; (b) the Company will promptly commence an investigation after a complaint is made or received, and for remedial action if any to be taken upon conclusion of an investigation; and (c) promptly upon the conclusion of the investigation of a complaint, Defendant will communicate to the employee the results of the investigation, including what remedial actions if any have been taken, or are planned.

**5. Training Program**

Defendant will present to all of its current employees, including management employees and supervisors, at least two hours of mandatory equal employment opportunity training, once every year for the duration of this Consent Decree. The first training shall be held on or before July 1, 2006 in recognition of the fact that such training has already been conducted for 2005. The cost of the training shall be borne by Defendant.

The training described in the preceding paragraph shall be in-person or interactive training, accompanied by materials prepared by experienced educators and/or investigators, and shall educate the employees about the problems of discrimination in the workplace. The purpose of the training will be to give participants a thorough understanding of discrimination and harassment issues, including but not limited to theories of liability under Title VII, sources of legal protection for victims of discrimination and harassment, and the employer's obligation to take preventive, investigative, and remedial action with respect to discrimination and harassment complaints, and to review company policies (including discipline policies) and practices related to discrimination, harassment and retaliation. The training will further inform each participant that he or she is responsible for knowing and complying with the contents of Defendant's equal employment opportunity policy.

1 | Defendant shall provide to the EEOC ten (10) days in advance of the each training a copy of the course syllabus for the training.

3 | All persons attending each mandatory equal employment opportunity training shall sign an acknowledgment of his or her attendance at the training, the date thereof, and his or her position with the company. All participants shall also be given a questionnaire through which they will be asked to critique the training and to provide suggestions to improve future training sessions. Defendant will provide a copy of these attendance records, the completed post-training questionnaires, and the training materials to the Commission within thirty (30) days of completion of the training.

### 6. Posting and other Notices to Employees

Defendant will post a copy of its policies regarding sexual harassment and the hotline as required in Section V(1) of this Consent Decree in clearly visible locations where such notices generally addressing employee issues are normally and customarily posted.

Each employee shall be asked to sign an acknowledgment that he or she has received and read the policy. The same acknowledgment shall be required of all newly hired employees, including all managers and supervisors, at the start of their employment.

## VII. MONETARY RELIEF

Defendant agrees to pay the total sum of Two Hundred Thousand Dollars, to be allocated as determined by the Commission to Claimants for their claims as set forth in this Decree. Within 30 (thirty) days after the date of the lodging of this Decree with the Court and it being fully executed, Defendant shall pay directly to EEOC the first of two equal installment payments, each installment payment set forth in attached Exhibit A. Exhibit A is incorporated herein by reference and will be separately filed with the Court under seal. The second installment payment shall be due on or before 90 days after the date of the lodging of this Decree. Each installment payment shall be in the form of a certified check, made payable directly to the individual Claimant and mailed directly to the EEOC in care of Linda Ordonio-Dixon at the EEOC's San Francisco offices at 350 The Embarcadero Street, Suite 500, San Francisco, CA 94105-1260.

Defendant's payment shall be considered timely if it is postmarked within three days after

the due date. In the event that the EEOC does not receive a payment within five days after the due date, the EEOC shall give Defendant written notice of the alleged default by certified mail, and thereafter Defendant shall have ten days within which to cure the alleged default. In the event Defendant then makes payment of the amount in default within ten days after it receives notice of the alleged default by certified mail, the payment schedule shall remain in effect. In the event, however, that Defendant fails to make any payment within the aforementioned ten days, EEOC may at its option, move the Court for entry of judgment against Defendant in the amount of the unpaid balance of the Two Hundred Thousand Dollars settlement amount, plus interest on such unpaid amount at the rate of 10% per annum from the date of the default only, less all amounts previously paid by Defendant. EEOC shall give notice of any such motion for entry of judgment to Defendant and its attorneys. If judgment is entered against Defendant on such motions, EEOC may enforce and collect the judgment.

2. The amounts above are being paid in complete compromise of all disputed issues, including Intervener's state law claims, arising out of the Complaint and the Amended Complaint in Intervention filed in this lawsuit, Civil Action No. C-03-01522- RMW (HRL) EEOC v. Rowtown Inc., d.b.a. The Fish Hopper Restaurant in the United States District Court for the Northern District of California.

## VIII. REPORTING

1. Six months after entry of the Decree and every six months thereafter, Defendant will submit reports to the Commission summarizing any requests for sexual harassment or retaliation received by Defendant during the preceding six-month period. The reports will include the identities of the complainant(s) and the alleged harasser(s), if any, and a summary of action taken in response to the request or complaint.

2. Within sixty (60) days of the entry of this Consent Decree, Defendant will send to the EEOC a copy of the Equal Employment Opportunity Policy.

3. Within thirty (30) days after completion of the yearly employee and supervisory trainings described in Section V(5) above, Defendant will send the Commission appropriate verification of

its completion of training, and will provide a copy of the records indicated in Section V(6).

4. Defendant shall submit a final report to the EEOC thirty (30) days before the Consent Decree expires containing a statement verifying its compliance with the terms of the Consent Decree.

### IX. RETENTION OF JURISDICTION AND EXPIRATION OF CONSENT DECREE

1. The duration of this Consent Decree shall be three (3) years from the date of entry of the Decree, provided that defendant has complied substantially with the terms of this Consent Decree. Defendant will be deemed to have complied substantially if the Court has not made any finding or orders during the term of the Consent Decree that the defendant has failed to comply with any terms of this Consent Decree.

2. The EEOC shall be entitled to its reasonable costs and attorneys' fees in connection with any civil action to enforce compliance with the terms and conditions of this Consent Decree.

3. This Court shall retain jurisdiction over this matter and the Parties for the purpose of enforcing compliance with the Consent Decree, including issuing such orders as may be required to effectuate its purposes.

4. If any provisions of this Consent Decree is found to be unenforceable by a court of competent jurisdiction, only the specific provision in question shall be affected and the other enforceable provisions shall remain in full force and effect.

5. Any documents or information required to be submitted by Defendant to the EEOC under the terms of this Consent Decree shall be addressed to Linda Ordonio-Dixon, Trial Attorney, EEOC, 350 The Embarcadero Street, Suite 500, San Francisco, California 94102.

//
//
//
//
//
//
//

|  |  |
|---|---|
| | On behalf of Defendant: |
| Dated: 9/12/05 | _____ |
| | FRANK UBHAUS |
| | Berliner Cohen |
| Dated: 9/12/05 | _____ |
| | EILEEN KENNEDY |
| | Berliner Cohen |
| Dated: _____ | _____ |
| | CHRIS PANETTA |
| | Fenton Keller |
| | On behalf of Plaintiff: |
| | GWENDOLYN YOUNG REAMS |
| | Acting Deputy General Counsel |
| | EQUAL EMPLOYMENT OPPORTUNITY COMMISSION |
| Dated: 9/22/05 | _____ |
| | WILLIAM R. TAMAYO |
| | Regional Attorney |
| | EQUAL EMPLOYMENT OPPORTUNITY COMMISSION |
| Dated: 9/22/05 | _____ |
| | JONATHAN T. PECK |
| | Supervisory Trial Attorney |
| | EQUAL EMPLOYMENT OPPORTUNITY COMMISSION |
| Dated: 9/22/05 | _____ |
| | LINDA ORDONIO-DIXON |
| | Trial Attorney |
| | EQUAL EMPLOYMENT OPPORTUNITY COMMISSION |
| | On behalf of Intervener: |
| Dated: 9/16/05 | _____ |
| | DOROTHY CHOW-LOSINSKI |
| | Chow Losinski |

On behalf of Defendant:

Dated:_____

FRANK UBHAUS
Berliner Cohen

Dated:_____

EILEEN KENNEDY
Berliner Cohen

Dated: 9/12/05

CHRIS PANETTA
Fenton Keller

On behalf of Plaintiff:

GWENDOLYN YOUNG REAMS
Acting Deputy General Counsel
EQUAL EMPLOYMENT
OPPORTUNITY COMMISSION

Dated:_____

WILLIAM R. TAMAYO
Regional Attorney
EQUAL EMPLOYMENT
OPPORTUNITY COMMISSION

Dated:_____

JONATHAN T. PECK
Supervisory Trial Attorney
EQUAL EMPLOYMENT
OPPORTUNITY COMMISSION

Dated:_____

LINDA ORDONIO-DIXON
Trial Attorney
EQUAL EMPLOYMENT
OPPORTUNITY COMMISSION

On behalf of Intervener:

Dated:_____

DOROTHY CHOW-LOSINSKI
Chow Losinski

Consent Decree
C-03-01522-RMW (HRL)                                                     Page -9-

1 | Dated: 9/16/05

                                 /s/ Matthew Losinski
                                 MATTHEW LOSINSKI
                                 Chow Losinski

**IT IS SO ORDERED:**

DATED: 1121/05                  /S/ RONALD M. WHYTE
                                 UNITED STATES DISTRICT COURT JUDGE